UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALBEMARLE CORPORATION

VERSUS

THE UNITED STEEL WORKERS'
ON BEHALF OF AOWU LOCAL 103

CIVIL ACTION

NO. 10-387-BAJ-DLD

# RULING ON MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on a motion for summary judgment filed by plaintiff, Albemarle Corporation ("Plaintiff") or ("Albemarle") (doc. 10), and on a motion for summary judgment filed by defendant, The United Steel Workers on Behalf of AOWU Local 103 ("Defendant") or ("The Union") (doc. 11).[1] Defendant has opposed Plaintiff's motion (doc. 14) and Plaintiff has opposed Defendant's motion (doc. 15). Both parties have also replied (doc. 19) and (doc. 23). Jurisdiction is based on 28 U.S.C. §1331, 29 U.S.C § 185(c) and 9 U.S.C. § 10.

## BACKGROUND

Plaintiff operates Albemarle Product Development Center ("PDC"), a chemical plant in Baton Rouge which develops products that can be highly combustible and poisonous (docs. 11-2, 15-1, ¶ 1). The present dispute arose on March 23, 2009, when two employees, Marcell Collor and Kevin Deville ("Grievants"), who were employed by Plaintiff at the PDC, were terminated for their failure to promptly and properly report a glycol spill in the Middle Room of

---

[1] The Court notes that Defendant's argument in both its motion for summary judgment and its opposition to Plaintiff's motion for summary judgment is identical.

the Pilot Plant Building at PDC (*Id.* at ¶ 3). Grievants were members of, and are presently represented by, The Union (*Id*).

On March 25, 2009, The Union filed, on behalf of Grievants, a grievance which was processed to arbitration pursuant to the collective bargaining agreement ("CBA") or ("The Agreement") between Albemarle and The Union (*Id.*, at ¶ 4). Article 906 of The Agreement provides:

> Strict adherence to the safety rules and participation in the PDC safety program *is a condition of employment.*

(Doc. 10-3, ¶ 16, emphasis added).[2] On November 20, 2009, the arbitration hearing took place. It is uncontested that during the arbitration proceedings, "both parties were completely represented; had the opportunity to present and cross examine witnesses, and to offer exhibits into evidence" (docs. 11-2, 15-1, ¶ 5 ). The stipulated issue for the arbitrator was:

> Did the Company have causes [sic] to terminate the Grievants on or about March 23, 2009? If not, what is the appropriate remedy?

(Doc. 10-3, ¶ 13).[3] On May 17, 2010, the arbitrator issued a ruling, finding that: 1) Grievants were the recipients of extensive safety training and must be held knowledgeable of their obligation to "immediately report" spills and leaks, and 2) Albemarle had cause to discipline the Grievants, but that discharge was too

---

[2] This statement of fact made by Plaintiffs was not controverted by Defendants and is thus undisputed for purposes of the motion for summary judgment pursuant to LR 56.2. *See also,* Arbitrator's Decision (doc. 1-3, pp. 7-8).

[3] *See supra,* n. 2.

severe a punishment for the violation. (doc. 1-3, p. 8-9) Specifically, the arbitrator held that discharge was not appropriate because:

> 1. The Grievants had no prior safety violations or safety concerns in their record.
> 2. The Grievants were not at their assigned work area when the leak was discovered, but, were in street clothes in the process of exiting the plant after a twelve hour shift.
> 3. The testimony supports that the Grievants did attempt to call supervision and did notify security. The problem was that the notification was not immediate, but, under the circumstances was not a gross violation.

(*Id.*, at p. 9).

Albemarle contends that the award should be set aside because the arbitrator exceeded his powers under the LMRA and FAA, and, in the alternative, the award is contrary to public policy (doc. 1, ¶ 19, 24). Albemarle argues that the arbitrator exceeded his authority because, once the arbitrator found that "cause" was shown for discipline, he had "no discretion to question the judgment of management and mete out his own brand of industrial justice" (doc. 1, ¶ 19).[4] Albemarle has not complied with the arbitrator's decision (docs. 11-2, 15-1, ¶ 7), and, on June 7, 2010, Albemarle filed the present complaint to set aside that decision (*Id.*, at ¶ 8).

Defendant argues that the award should be upheld because the arbitrator did not exceed his authority (doc. 14, p. 2). Defendant further argues that the arbitrator's decision in this case draws its essence from the collective bargaining

---

[4] The Arbitrator's Decision establishes that the arbitrator determined that "[t]he grievants' failure to strictly adhere to the safety procedures to immediately report the subject spill was cause for the Employer to issue discipline" (doc. 1-3, p. 8).

3

agreement and is therefore, an enforceable decision (doc. 4, ¶ 9). Defendant also asserts that "when an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's improvident, even silly, fact finding does not provide a basis for a reviewing court to refuse to enforce the award"[5] (doc. 11-1, p. 6). On June 30, 2011, Defendant filed a counterclaim seeking to have this Court order Plaintiff to comply with the decision of the arbitrator (doc. 4).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in its favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations,

---

[5] Defendant quotes *Int'l Ass'n of Machinists Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 538 F.2d 1116, 1121 (5th Cir. 1976).

unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Judicial review of arbitration decisions is limited in its scope. *Resolution Performance Products, LLC v. Paper Allied Indus. Chem. & Energy Workers Int'l Union, Local 4-1201*, 480 F.3d 760, 764 (5th Cir. 2007). Courts are to afford deference to arbitration awards, and doubts are to be resolved in favor of affirming the award. *Beard Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 944 (5th Cir. 2005). However, the deference afforded arbitral awards is also limited. "Judicial deference to arbitration does not grant carte blanche approval to any decision an arbitrator might make." *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583 (5th Cir. 1980). Indeed, courts are obligated to scrutinize arbitration awards "to ensure that the arbitrator acted in conformity with the jurisdictional prerequisites of the collective bargaining agreement." *Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Ass'n, AFL-CIO*, 889 F.2d 599, 602 (5th Cir. 1989). In other words, the collective bargaining agreement itself sets out the authoritative limits by which an arbitrator is bound. *Houston Lighting & Power Co. v. International Bhd. Of Electrical Workers, Local Union No. 66*, 71 F.3d 179, 182 (5th Cir. 1995). The arbitrator's authority is also

5

Case 3:10-cv-00387-BAJ -DLD   Document 24   11/21/11   Page 5 of 9

limited by the issues presented to him for resolution. *Piggly Wiggly Operators' Warehouse*, 611 F.2d at 583 (5th Cir. 1980). In cases where the court holds that an arbitrator exceeds his authority, "vacation or modification of the award is an appropriate remedy." *Delta Queen*, 889 F.2d at 602. Moreover, an arbitration award should not be upheld when the arbitrator has dispensed "his own brand of industrial justice" that is outside the scope of his authority. *Am. Eagle Airlines, Inc. v. Airline Pilots Ass'n Int'l*, 343 F.3d 401, 405 (5th Cir. 2003).

As this case involves an arbitration under a collective bargaining agreement, the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 is also applicable. *Int'l Chem. Workers Union v. Columbian Chems. Co.*, 331 F.3d 491, 494 (5th Cir. 2003). However, the Fifth Circuit has held that district courts may still rely on the Federal Arbitration Act ("FAA") for guidance when reviewing an arbitration award in a case arising under the LMRA. *Id.*; *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 384 (5th Cir. 2004). Pursuant to the FAA, a district court may vacate an award made by an arbitrator if: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrator was guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrator exceeded his powers. *Kergosien v. Ocean Energy, Inc.* 390 F.3d 346, 353 (5th Cir. 2004); 9 U.S.C. § 10(a). The Fifth Circuit, as well as other circuits, has held that an arbitration award pursuant to a CBA may also be vacated because of its manifest disregard of the law. *Brabham*, 376 F.3d at 382.

Plaintiff contends that the award should be set aside because the arbitrator exceeded his powers under the LMRA and FAA, and, in the alternative, the award is contrary to public policy (doc. 1, ¶ 19, 24). In addition, Albemarle argues that, pursuant to The Agreement, it has sole discretion in disciplining employees if "cause" is shown (doc. 10-2, p. 25). In his decision, the arbitrator recognized that Article III of the Agreement provides that the "employer has the sole right to discharge an employee for cause" (doc. 1-3, p. 6). Nevertheless, he found that the discipline imposed by Plaintiff was "not appropriate" and was "too severe" for violating safety rules that require prompt and proper reporting of chemical spills. (doc. 1-3, p. 10) Plaintiff asks that the Court grant its motion for summary judgment and overturn the Arbitration Award insofar as it reduces the penalty from termination to suspension.

Defendant argues that the arbitrator's decision in this case draws its essence from the collective bargaining agreement, but Defendant sets forth no evidence to support that contention. Defendant further argues that, when an arbitrator resolves disputes regarding the application of a contract and no dishonesty is alleged, the arbitrator's "improvident, even silly, factfinding" does not provide a basis for a reviewing court to refuse to enforce the award. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 39, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987).

However, the Supreme Court has held that federal courts are free to scrutinize an award to ensure that the arbitrator acted in conformity with the

jurisdictional prerequisites of the collective bargaining agreement. *See Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 504, 121 S.Ct. 1724 (2001); *United Misco, Inc.,* 484 U.S. 29, 39, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987) (holding that judicial deference ends where an arbitrator exceeds the express limitations of the contractual mandate). The Fifth Circuit has held that, when an arbitrator exceeds his authority, modification of the judgment is appropriate. *See United States Postal Serv. v. American Postal Workers Union,* 922 F.2d 256, 258 (5th Cir. 1991); *Houston Lighting & Power Co. v. IBEW, Local Union No. 66,* 71 F.3d at 182 (5th Cir. Tex. 1995) (holding that an arbitrator's decision on the merits will not be enforced if the arbitrator exceeded his authority under a collective bargaining agreement).

Plaintiff cites to a factually similar Fifth Circuit case, *E.I. DuPont de Nemours and Co. v. Local 900 of the Int'l Chem. Workers Union, AFL-CIO,* 968 F.2d 456 (5th Cir. 1992) (per curiam).[6] In that case, the Fifth Circuit held that the arbitrator exceeded his jurisdictional authority when he found just cause to discharge the employees, but nevertheless fashioned his own remedy by ordering reinstatement of the employees though the stipulated issue was unambiguous as to the limits of that authority. *Id.* at 459.

In the case at hand, the undisputed facts establish that "strict adherence to the safety rules . . . is a condition of employment" under the collective bargaining

---

[6] In *E.I. Dupont de Nemours and Co.,* two union employees of a chemical plant were discovered smoking marijuana at work. 968 F.2d 456 (5th Cir. 1992). The plant discharged the employees, and they challenged their dismissal pursuant to a collective bargaining agreement that prohibited the discharge of employees unless there was a finding of just cause. *Id.*

8

agreement and that the arbitrator found that "[t]he grievants' failure to strictly adhere to the safety procedures to immediately report the subject spill was cause for the Employer to issue discipline" (doc. 1-3, p. 8).

In light of the above undisputed facts, the Court concludes that the arbitrator exceeded his jurisdictional authority as set forth in the collective bargaining agreement when he fashioned his own remedy for the grievants' failure to strictly adhere to established safety procedures. Accordingly, the Court finds that no genuine dispute of material fact exists and that summary judgment in favor of plaintiff is proper.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by Defendant, The United Steel Workers' on Behalf of AOWU Local 103 (doc. 11), is **DENIED,** and the motion filed by Plaintiff, Albemarle Corporation (doc. 10), is hereby **GRANTED,** and judgment shall be entered accordingly.

Baton Rouge, Louisiana, November 20, 2011.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA