UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALBEMARLE CORPORATION**  CIVIL ACTION

**VERSUS**

**THE UNITED STEEL WORKERS**  NO.: 3:10-cv-00387-BAJ-RLB
**on behalf of AOWU LOCAL 103**

### RULING AND ORDER

Before the Court is United Steel Workers' ("USW") **MOTION FOR FINAL JUDGMENT & SPECIFIC RELIEF (Doc. 33),** seeking an order enforcing the mandate of the U.S. Fifth Circuit Court of Appeals, (*id.* at p. 1, 4). More specifically, USW asks the Court to order Albemarle Corporation ("Albemarle") "to comply with the Arbitration Award by making the Employees whole for all lost wages and contractual benefits, with interest, from the time of the issuance of the Arbitration Award on May 17, 2010, to and through the time of their reinstatement." (*Id.* at p. 4). USW "further prays that this Court order [Albemarle] to credit the Employees with full pension credits from the time of their wrongful discharge to and through the time of their reinstatement." (*Id.*). Albemarle vigorously opposes USW's motion. (Doc. 34; Doc. 44; Doc. 45). USW has filed reply briefs to Albemarle's opposition. (Doc. 40; Doc. 46). Oral argument is not necessary.

I.  BACKGROUND

At this point, the relevant factual and procedural background in this matter is well-established.[1] Nonetheless, a brief recap is in order, given the unique procedural posture presented by USW's motion. On March 23, 2009, Albemarle terminated employees Marcel Collor and Kevin Deville (collectively "Grievants") for failing to properly report a chemical spill at the Albemarle facility. *Albemarle Corp. v. United Steel Workers ex rel. AOWU Local 103*, 703 F.3d 821, 823 (5th Cir. 2013). Grievants' union, the United Steel Workers ("USW"), filed a grievance, and Albemarle and USW brought the dispute to arbitration pursuant to their collective bargaining agreement ("CBA"). *Id.* at 822. At arbitration's end, the Arbitrator determined that there was "cause for the Employer to issue discipline," but that "discharge was not appropriate" for a variety of reasons, including that Grievants "had no prior safety violations, were exiting the facility after completing their day's work, and [ultimately] succeeded in notifying the proper persons of the spill." *Id.* at p. 824. Instead, the Arbitrator found Grievants' violation "was a cause for a lengthy suspension." *Id.* The Arbitrator's Decision, issued May 17, 2010, "ordered the Grievants reinstated without loss of seniority, but also without backpay for the period during which they had been terminated." *Id.* (*See* Doc. 33-3 at p. 10 (Arbitrator's Decision)). In effect, this resulted in "a penalty of approximately fourteen months lost wages." *Albemarle*, 703 F.3d at 824. The Arbitrator's May 17,

---

[1] For a complete factual and procedural background, see *Albemarle Corp. v. United Steel Workers ex rel. AOWU Local 103*, 703 F.3d 821 (5th Cir. 2013).

2010 Decision ordered Albemarle to "offer[] reinstatement by certified mail *as soon as possible.*" (Doc. 33-3 at p. 10 (emphasis added)).

Rather than promptly offering Grievants reinstatement, on June 7, 2010 Albemarle filed an action to vacate the Arbitrator's Decision. (Doc. 1). USW counterclaimed to enforce the Decision. (Doc. 3). On the parties' cross-motions for summary judgment, this Court rendered judgment in Albemarle's favor, and vacated the Arbitrator's Decision in reliance on the U.S. Fifth Circuit Court of Appeals' decision in *E.I. DuPont de Nemours & Co. v. Local 900 of the Int'l Chemical Workers Union, AFL–CIO*, 968 F.2d 456 (5th Cir. 1992). (Doc. 24). USW appealed, and the Fifth Circuit reversed, explaining that "*DuPont* does not control on the facts of this case." *Albemarle*, 703 F.3d at 823. In sum, the Fifth Circuit "conclude[d] that because the Arbitrator's award neither violated the terms of the CBA nor public policy, we must enforce it." *Id.* at 828. Accordingly, the Court of Appeals "REVERSE[D] the award of summary judgment in favor of Albemarle and RENDER[ED] judgment in favor of USW." *Id.*

The Fifth Circuit issued its mandate on February 14, 2013. (Doc. 32 at p. 1). Notably, the Fifth Circuit's opinion did *not* expressly remand the matter to this Court. (*Id.* at p. 11). Nevertheless, this Court entered the Fifth Circuit's opinion into its docket on February 21, 2013, with a text entry stating "[t]he judgment of the District Court is reversed, and . . . judgment is rendered in favor of USW." (Doc. 32).

It is undisputed that following the Fifth Circuit's award of summary judgment to USW, Albemarle reinstated Grievants to their positions. (Doc. 33 at ¶ 8; Doc. 34 at p. 3). Grievants' reinstatement was "effective March 4, 2013," (Doc. 34 at p. 3), 18 days after the Fifth Circuit issued its mandate, and 11 days after this Court entered the Fifth Circuit's opinion into its docket. (*See* Doc. 32). The issue now is whether Grievants should receive back pay for the period covering the pendency of Albemarle's unsuccessful challenge to the Arbitrator's Decision, when Grievants (presumably) would have been working had Albemarle offered reinstatement. Stated differently, the issue is whether the Grievants should receive "all lost wages and contractual benefits, with interest, from the time of the issuance of the Arbitration Award on May 17, 2010, to and through the time of their reinstatement." (Doc. 33 at p. 3). Albemarle insists that Grievants are *not* entitled to such wages and/or benefits, because "*[t]he Fifth Circuit's Judgment and Mandate did not order or even address back pay, nor was the issue remanded to the District Court.*" (Doc. 34 at p. 3 (emphasis in original)).

## II. JURISDICTION

Albemarle characterizes USW's motion as an attempt "to achieve . . . an alteration *of the Fifth Circuit's Mandate,* over which this Court has no control." (Doc. 34 at p. 11 (emphasis in original)). Although not stated in so many words, the Court construes this assertion as a challenge to this Court's jurisdiction. Accordingly, the Court will first assess whether it has jurisdiction to entertain USW's motion. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.

1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte,* at any time.").

It is well-settled that "a court maintains continuing jurisdiction to enforce a judgment." *United States v. Revie*, 834 F.2d 1198, 1205 (5th Cir. 1987). Indeed, "[u]ntil the judgment has been properly stayed or superseded, the district court may enforce it through contempt sanctions." *Id.* The wrinkle here is that the judgment USW seeks to enforce is *not* the judgment of this Court; rather, it is the judgment of the Fifth Circuit Court of Appeals.

Here, had the Fifth Circuit expressly "REMANDED for entry of judgment consistent with [its] opinion," *e.g. Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 375 (5th Cir. 2012), there would be little doubt that this Court would have jurisdiction over a motion seeking to enforce said judgment. *Revie*, 834 F.2d at 1205. On the other hand, neither Albemarle nor USW have identified a case indicating that the trial court *lacks* jurisdiction to enforce the appellate court's order in a situation such as this, where the court of appeals' judgment is self-effectuating. This Court's own research has likewise failed to turn up such a case. Indeed, the caselaw suggests the *opposite*: specifically, that a party *may* seek an order from the District Court enforcing the judgment of the Court of Appeals, particularly where, as here, a party seeks merely to "compel[] compliance . . . with the dictates of a superior court," and does not attempt to relitigate "issues expressly or impliedly decided by the appellate court." *See United States v. Lee*, 358 F.3d 315, 321 (5th

Cir. 2004); *Dickerson v. Cont'l Oil Co.*, 476 F.2d 635, 636 (5th Cir. 1973) (indicating where the District Court modified the terms of the Fifth Circuit's mandate to assess interest "admittedly due," "[t]he more orderly way . . . [would have been] for the party affected to formally petition [the Fifth Circuit] to relax or modify its mandate to permit the trial court to take the requested action," "[b]ut in a structure of rules which at every stage envisages the attainment of substantial justice with a minimum of technicalities, there is no insurmountable need for such a formal motion"); *cf. Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1146 (5th Cir. 1982) ("We have recognized the continuing jurisdiction of the district court in support of its judgment, as long as that judgment has not been superseded."); *Sirloin Room, Inc. v. Am. Emp'rs Ins. Co.*, 360 F.2d 160, 161 (5th Cir. 1966) (per curiam) (holding that order to enforce unsuperseded money judgment may be entered by district court even after appeal is noticed). Guided by the Fifth Circuit's admonishment that the District Court should "at every stage [strive for] the attainment of substantial justice with a minimum of technicalities," *Dickerson*, 476 F.2d at 636, this Court determines that its jurisdiction extends over USW's motion to enforce the terms of the Fifth Circuit's judgment.

### III. STANDARD OF REVIEW

USW urges that its request for an order clarifying the terms of, and/or compelling compliance with, the Fifth Circuit's mandate is justified by Federal Rules of Civil Procedure ("Rule") 59, 60, or 70. (Doc. 33 at p. 1). As an initial matter, the Court notes that Rule 59 is not the appropriate vehicle for the relief

6

USW seeks because "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). USW filed its motion on May 9, 2013, nearly three months after the Fifth Circuit issued its mandate. (Doc. 32 at p. 1).

Nor will the Court hold Albemarle in contempt for failure to obey the Fifth Circuit's mandate pursuant to Rule 70(e). *See* Fed. R. Civ. P. 70(e). Although Albemarle's failure to provide Grievants back pay is certainly *suspect* in light of the Fifth Circuit's approval of the Arbitrator's command to "offer[] reinstatement . . . *as soon as possible*," (Doc. 33-3 at p. 10), the Court cannot say that USW has provided *clear and convincing evidence* that Albemarle was required to provide Grievants back pay for the pendency of its legal challenge, given the Fifth Circuit's failure to address the issue directly. *See Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009) ("A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order *required certain conduct* by the respondent, and 3) that the respondent failed to comply with the court's order." (quotation marks and alterations omitted) (emphasis added)).

This leaves Rule 60. "Rule 60(b)(6) provides that a court may 'relieve a party . . . from a final judgment . . . for . . . any other reason justifying relief from the operation of the judgment.'" *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (quoting Fed. R. Civ. P. 60(b)(6)); *see also Maddox v. Runyon*, 139 F.3d 1017, 1020 (5th Cir. 1998) ("The broad language of Fed. R. Civ. P. 60(b)(6)

provides the court ample power to vacate judgments whenever such action is appropriate to accomplish justice."). Although "Rule 60(b)(6) is a grand reservoir of equitable power to do justice," the Fifth Circuit has "narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present." *Batts*, 66 F.3d at 747 (quotation marks and citations omitted). "Extraordinary circumstances" include "circumstances involving extreme hardship and injustice." *McDonald v. Oliver*, 642 F.2d 169, 172 (5th Cir. 1981).

On the facts of this case, the Court has little trouble determining that USW is entitled to relief under Rule 60(b)(6). The Arbitrator determined that although Albemarle "had cause to discipline the Grievants, . . . discharge was too severe for the violation" under the terms of the CBA. (Doc. 33-3 at p. 10). Accordingly, the Arbitrator ordered: (1) "Grievants termination shall be changed to [an unpaid] suspension without loss of seniority"; and (2) "Grievants will be offered reinstatement by certified mail as soon as possible," (*id.*). Every indication is that had Albemarle acted on the Arbitrator's Decision, Grievants would have been back to work and earning wages shortly after its entry on May 17, 2010. (*See* Doc. 33-3 at ¶ 8 (indicating that Grievants accepted reinstatement when it was offered following issuance of the Fifth Circuit's mandate); Doc. 34 at p. 3 (same)). Instead, Albemarle challenged the Decision—as was its right—and ultimately lost on appeal. *See Albemarle*, 703 F.3d at 828.

Although vague on the issue of back pay during the pendency of Albemarle's legal challenge, the Fifth Circuit's mandate states unequivocally that "because the

Arbitrator's award neither violated the terms of the CBA nor public policy, we must enforce it." *Albemarle*, 703 F.3d at 828. It further indicates that "a penalty of approximately fourteen months lost wages"—*i.e.* a period ranging from March 23, 2009, the date of Grievants' terminations, to May 17, 2010, the date of the Arbitrator's Decision—was sufficient for Grievants' offenses. *See id.* at 824; *see also id.* at 828. By necessary implication, the Fifth Circuit decided that Grievants' fourteen-month unpaid suspension was punishment enough. *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) ("Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly *or impliedly decided* by the appellate court." (emphasis added)); *e.g., Truck Drivers Local No. 164 v. Allied Waste Sys., Inc.*, 512 F.3d 211, 222 (6th Cir. 2008) ("conclud[ing] that additional back pay from the time of an arbitrator's reinstatement award until the time that a grievant is reinstated is an appropriate judicial remedy" where employer failed to comply with arbitrator's award); *Lynchburg Foundry Co., Div. of Woodward Iron Co. v. United Steelworkers of Am., Local 2556*, 404 F.2d 259, 262 (4th Cir. 1968) ("While no back pay will be allowed for the period from the date of dismissal to the date of the arbitrator's award, the employee is entitled to reinstatement and compensation for the period following the award.").

Albemarle suggests that USW is attempting to "relitigate its appeal." (Doc. 34 at p. 11). Far from it. Instead, USW is simply seeking an order which makes express what the Fifth Circuit's decision necessarily implied. *See Lee*, 358 F.3d at

321. Absent an order clarifying that Grievants are due back pay for the pendency of Albemarle's *unsuccessful* challenge to the Arbitrator's Decision, Grievants will be deprived of an additional *thirty-three months'* lost wages. By any measure, such a result constitutes an "extreme hardship and injustice," thereby warranting relief under Rule 60(b)(6). *McDonald*, 642 F.2d at 172; *cf. Truck Drivers Local No. 164*, 512 F.3d at 222; *Lynchburg Foundry*, 404 F.2d at 262.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED**, that USW's **MOTION FOR FINAL JUDGMENT & SPECIFIC RELIEF (Doc. 33) is GRANTED IN PART and DENIED IN PART.** USW's Motion is **GRANTED** to the extent that it seeks enforcement of the Arbitrator's Decision. (*See* Doc. 33-3 at p. 10; *Albemarle*, 703 F.3d at 828).

**IT IS FURTHER ORDERED** that, consistent with the Fifth Circuit's mandate, Albemarle shall provide Grievants back pay for Grievants' lost wages during the pendency of Albemarle's unsuccessful challenge to the Arbitrator's Decision. Specifically, **Grievants are entitled to back pay equaling the amount of their lost wages from June 4, 2010 to March 4, 2013**—*i.e.*, eighteen days from the date of the Arbitrator's Decision to the date of Grievants' actual reinstatement.[2]

---

[2] In light of the Arbitrator's failure to set a specific date for Grievants' reinstatement, the Court must determine a back pay start-date guided by the Arbitrator's admonishment that "Grievants will be offered reinstatement . . . *as soon as possible*." (Doc. 33-3 (emphasis added)). The Court concludes that eighteen days is the appropriate length of time between the Arbitrator's Decision and the date of Grievants' reinstatement for purposes of determining lost wages by observing that Grievants were *actually* reinstated to their positions on March 4, 2013, eighteen days after the Fifth Circuit issued its mandate. (*See* Doc. 32 at p. 2; Doc. 34 at p. 3). The Court further notes that Albemarle filed its

**IT IS FURTHER ORDERED** that USW's Motion is **GRANTED** to the extent that it seeks interest on Grievants' award of back pay. Interest is assessed at the federal rate, 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that USW's Motion is **DENIED** to the extent that it seeks relief *inconsistent* with the relief ordered in the Arbitrator's Decision, (Doc. 33-3), and the Fifth Circuits' mandate "enforc[ing]" that Decision, *Albemarle*, 703 F.3d at 828.

**IT IS FURTHER ORDERED** that Albemarle's request for attorney's fees is **DENIED**. (*See* Doc. 34-3 at p. 11).

Baton Rouge, Louisiana, this 31ˢᵗ day of March, 2014.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

Complaint challenging the Arbitrator's Decision twenty-one days after it issued. (Doc. 1). Simply put, if Albemarle could reinstate Grievants within eighteen days of the Fifth Circuit's mandate, there is no reason to believe it could not have reinstated Grievants within eighteen days of the Arbitrator's Decision, particularly given that Albemarle took just three additional days to prepare its legal challenge.